

# NUMBER 13-14-00751-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MICHAEL GARZA,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Michael Garza pleaded guilty to the offense of sexual assault, a second-degree felony. *See* TEX. PENAL CODE. ANN. § 22.011 (West, Westlaw through 2015 R.S.). The trial court deferred a finding of guilt and placed Garza on deferred community

supervision for ten years. Subsequently, the State filed a second motion to revoke,[1] alleging violations of seven conditions of his supervision.[2] At the revocation hearing, Garza pleaded "true" to four of the violations alleged by the State. The trial court revoked Garza's community supervision and sentenced him to eight years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

Determining that the appeal in this cause is frivolous and without merit, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Garza's counsel filed a brief stating that, after a review of the record, he is of the opinion that an appeal in this case is without merit. *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no meritorious grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

---

[1] The State filed its first motion to revoke in March of 2012. After finding the allegations to be true, the trial court continued Garza on community supervision with an alternative plan.

[2] Alleged violations included (1–2) possession and use of a controlled substance not prescribed by a licensed physician; (3) failure to report to his supervisor; (4–5) failure to pay scheduled monthly payments for supervisory fees and court costs; (6) failure to submit to random urinalysis; and (7) failure to pay his scheduled monthly payments for his Sexual Assault Program fees.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. June 25, 2014), counsel has demonstrated that he has complied with the requirements of *Anders* by discussing why, under controlling authority, any appeal from the judgment would be without merit and frivolous. Counsel specifically determined, after examining the record, that: (1) the indictment complied with the law; (2) there were no adverse rulings on pretrial motions; (3) at the revocation hearing, the trial court determined Garza to be competent; (4) Garza pleaded "true" freely and voluntarily to four of the seven allegations in the motion to revoke, and pleading "true" to at least one of the allegations adequately supports Garza's guilt; (5) there were no adverse rulings at the revocation hearing because Garza's counsel neither made an objection nor urged a motion at the hearing; (6) there was no fundamental error at the revocation hearing necessitating objection by Garza's trial counsel; (7) the eight-year sentence was within the range of punishment allowed for a second-degree felony; (8) the judgment reflected the appropriate sentence and time-served credit; and (9) trial counsel provided effective assistance. Counsel has also informed this Court, in writing, that he has: (1) notified Garza that counsel has filed an *Anders* brief and an accompanying motion to withdraw; (2) provided Garza with a copy of his brief and motion; (3) informed Garza of his right to file a pro se response,[3] to review the record preparatory to filing that response, and to seek discretionary review if the court

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

of appeals concludes that the appeal is frivolous; and (4) provided Garza with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and Garza has not filed either a timely motion seeking pro se access to the appellate record or a motion for extension of time to do so. And he has not filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Pension v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motion to withdraw as counsel for Garza. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw

4

from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that this Court carried with the case on July 8, 2015. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Garza and to advise Garza of his right to pursue a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of December, 2015.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* at R. 68.4.